Alfredo ESTEBAN et al., Plaintiffs,

v.

CENTRAL MISSOURI STATE COLLEGE et al., Defendants.

Nos. 16473, 16474.

United States District Court
W. D. Missouri, W. D.

Oct. 3, 1967.

Irving Achtenberg, Achtenberg, Sandler & Balkin, Kansas City, Mo., for plaintiffs.

Robert L. Wesner, Wesner, Wesner & Meyer, Sedalia, Mo., for defendants.

## MEMORANDUM AND ORDER DIRECTING THAT PLAINTIFFS BE GRANTED A NEW HEARING

ELMO B. HUNTER, District Judge.

This matter comes before the Court on plaintiffs' demands for injunctive relief and such other relief as the Court may deem proper. A hearing was held on September 6, 1967, and the Court received the revisions to plaintiffs' supplemental reply brief September 29, 1967. At the hearing held herein the Court dismissed plaintiff Len Wesley Powell from this suit without prejudice, leaving Alfredo Esteban and Steve Roberds as the only two active plaintiffs in the case.

In the spring of 1967 at the time he was suspended from Central Missouri State College plaintiff Roberds was on disciplinary probation. At the time plaintiff Esteban was suspended in the spring of 1967 he was on scholastic probation and prior to that time had been on disciplinary probation. Each of the suspensions followed two nights of student demonstrations variously described at the hearing as "disturbances," "incidents," and "riots."

The record demonstrates that each of the plaintiffs was orally advised of the reason the College was considering disciplinary action against him and was given an opportunity to make such explanation to the Dean of Men, Dr. Chalquist, as he desired to. Each was further advised that he was entitled to appeal to the President of the College, Dr. Lovinger, in the event disciplinary action was recommended. Each of the plaintiffs discussed his version of the circumstances with Dr. Chalquist. At the hearing in this matter plaintiff Roberds advised the Court that he had been in attendance at the demonstrations on both evenings, for approximately 30 minutes the first evening and one hour the second evening contending however, that he was merely a spectator on each occasion. Plaintiff Esteban stated to the Court that he called the resident assistant [vulgar names, here deleted] after he had given Esteban's name to Dr. Meverden.

On the basis of the voluntary statements made by the plaintiffs to Dr. Chalquist and to the Court it appears that there is relatively little of a factual nature in dispute concerning the conduct of the plaintiffs at the time in question.

In recent years, and particularly in recent months, there has been considerable judicial activity in this field of students' rights vis-a-vis the rights of university administrators. See for example, Dickey v. Alabama State Board of Education, United States District Court for the Middle District of Alabama, Northern Division, 273 F.Supp. 613 (September 8, 1967); Hammond v. South Carolina State College, United States District Court for the District of South Carolina, Orangeburg Division,

272 F.Supp. 947 (August 31, 1967); Due v. Florida Agricultural & Mechanical University, 233 F.Supp. 396 (D.C. 1963); Dixon v. Alabama State Board of Education, 294 F.2d 150 (5th Cir. 1961). It is not disputed that the 14th amendment with its due process clause applies to state educational institutions. The question before this Court is rather, were the plaintiffs entitled to procedural due process before they were suspended, and if so, were they afforded procedural due process? The Court is in accord with those cases referred to above in that it holds the plaintiffs as students at a state college are entitled to procedural due process before they can be suspended from college. Whether the interest of the student be described as a right or a privilege, the fact remains it is an interest of extremely great value and is deserving of constitutional protection. However, in so holding the Court does not hold that the procedural due process which must be afforded these plaintiffs before they can be validly suspended implies a formal court type judicial hearing such as is required in criminal cases. For as the Dixon case, supra, upon which plaintiffs place great reliance, states at 159, "This is not to imply that a full-dress judicial hearing, with right to cross-examine witnesses, is required. Such a hearing, with the attending publicity and disturbance of college activities, might be detrimental to the college's educational atmosphere and impractical to carry out." However, implicit in the concept of due process as it concerns these students are the elements of notice and impartial hearing. The students are entitled to know the ground or grounds upon which the college is considering taking disciplinary action, should be afforded an opportunity to appear before the person or persons responsible for taking disciplinary action and make such showing or explanation as they wish to make, and should be advised in some ade-

quate manner of the nature of the evidence against them. The precise nature of the notice and hearing will of course vary depending upon the circumstances of the particular case. From the record in this case it appears that there may have been some uncertainty in the minds of the students as to the ground or grounds upon which the college proposed to take action. The two plaintiffs seem to contend that in their testimony as does their attorney in his brief. A written notice of the precise charge will remedy this situation. Additionally, as the Court views the matter, the critical defect in the hearing procedure used by the college was the fact that the person to whom the students were permitted to make their explanation or showing, Dr. Chalquist, was only one of a number of persons on the board which made the recommendation of suspension. It is imperative that the students charged be given an opportunity to present their version of the case and to make such showing as they desire to the person or group of persons who have the authorized responsibility of determining the facts of the case and the nature of action, if any, to be taken.

▉ Defendants are therefore directed to grant each of the plaintiffs, Roberds and Esteban, a new hearing on or before November 3, 1967, on such charges as the defendants may desire to press. The procedures to be followed in preparing for and conducting such hearing shall include the following procedural features: (1) a written statement of the charges to be furnished each plaintiff at least 10 days prior to the date of the hearing; (2) the hearing shall be conducted before the President of the college;[1] (3) plaintiffs shall be permitted to inspect in advance of such hearing any affidavits or exhibits which the college intends to submit at the hearing; (4) plaintiffs shall be permitted to have counsel present with them at the hearing to advise them; (5) plaintiffs shall be af-

---

1. The parties acknowledge that only the President has the authority to expel or suspend a student from the college, and it is therefore necessary that all evidence be before him in some appropriate manner, as by transcript of an authorized hearing or before him directly as ordered in this particular case.

forded the right to present their version as to the charges and to make such showing by way of affidavits, exhibits, and witnesses as they desire; (6) plaintiffs shall be permitted to hear the evidence presented against them, and plaintiffs (not their attorney) may question at the hearing any witness who gives evidence against them; (7) the President shall determine the facts of each case solely on the evidence presented at the hearing therein and shall state in writing his finding as to whether or not the student charged is guilty of the conduct charged and the disposition to be made, if any, by way of disciplinary action; (8) either side may, at its own expense, make a record of the events at the hearing.

Under the circumstances of this case, and in view of the fact that the present school term has been in progress for some weeks, it would be inequitable to order the plaintiffs reinstated subject to the outcome of the new hearing. Therefore, plaintiffs' request to be reinstated subject to the outcome of the new hearing is hereby denied as are the other requests not specifically discussed herein.

It is so ordered.