431 F.2d 1115
 Virvus JONES, Leroy David Parker, Walter William Fox, and
the Following Named Persons by and Through Their Next
Friend, Claire E. Penny, To-Wit: Orin Robert Langelle and
James Lawrence Ozier, Respectively, Individually, and as
Representatives of a Class of Individuals known as Students
of Forest Park Community College, St. Louis, Missouri, Appellants,
v.
William Edward SNEAD, President, Forest Park Community
College, Joseph P. Cosand, President, Junior College
District of St. Louis, St. Louis County, Missouri, and the
Board of Trustees of the Junior College District of St.
Louis, St. Louis County, Missouri, Appellees.
 No. 20046.
 United States Court of Appeals, Eighth Circuit.
 Oct. 1, 1970.
 
 Harold L. Sarner, St. Louis, Mo., for appellants.
 John P. Emde, St. Louis, Mo., for appellees; Kenneth Teasdale and Fred Leicht, Jr., St. Louis, Mo., on the brief.
 Before MATTHES, Chief Judge, and HEANEY and BRIGHT, Circuit Judges.
 BRIGHT, Circuit Judge.
 
 
 1
 On 'Moratorium Day', October 15, 1969, the president of Forest Park Community College, St. Louis, Missouri, temporarily suspended five students for disruptive behavior on the college campus. Later, on October 29, 1969, following the pressing of formal written charges of specific acts of disorderly conduct against the students and a hearing thereon, the college administration suspended three of the students (appellants Virvus Jones, Leroy Parker and Orin Langelle) for the remainder of the semester ending in January, 1970, but reinstated the other two students (appellants Walter Fox and James Ozier). On November 6, these students filed a complaint in the United States district court, as individuals and as representatives of a class comprised of the other students attending the college, seeking injunctive and declaratory relief against the administrators of the junior college, a Missouri public institution, for deprivation of their civil rights. Upon bringing the action, plaintiffs moved for a preliminary injunction against the college authorities to require reinstatement of the still-suspended students and for other preliminary relief. The trial court, after conducting a full evidentiary hearing, denied the motion.
 
 
 2
 The students appeal from this denial. Their claims rest upon 42 U.S.C. 1983. No question is raised concerning federal jurisdiction or the propriety of this appeal. See 28 U.S.C. 1292(1), 1343(3), (4), 2201, 2202. Since collateral effects may flow from the penalty, the expiration of the semester suspensions does not moot this controversy. Esteban v. Central Missouri State College, 415 F.2d 1077, 1079, n. 1 (8th Cir. 1969).
 
 
 3
 Our scope of review is narrow. We consider only the district court's order denying the injunction and those questions presented by that specific order. See generally 6 Moore Federal Practice P54.08 (1), at p. 54 (2d ed. 1966). The trial court's discretion to grant or deny a preliminary injunction is subject to reversal only for abuse of discretion or error of law. E. W. Bliss Co. v. Struthers-Dunn, Inc., 408 F.2d 1108, 1113 (8th Cir. 1969); Societe Comptoir De L'industrie Cotonniere Etablissements Boussac v. Alexander's Department Stores, Inc., 299 F.2d 33, 36 (2d Cir. 1962).
 
 
 4
 The evidence adduced at the district court hearing, largely undisputed, supports Judge Meredith's finding that the students actively participated in the campus disruption. The trial court also noted that the college observed rudimentary principles of due process in affording the students written notice of charges, notice of hearing and a lengthy hearing at which they were represented by counsel.[1]
 
 
 5
 On this appeal, the students contend that the hearing and decision-making procedures violated their constitutional right to due process. They allege that the college president, who witnessed the events from which the charges arose, should not have sat in judgment of the students; that the students should have been afforded more time to prepare for the hearing; and that the junior college district president improperly relied upon 'secret' information, testimony not produced at the hearing, in suspending the three students. Appellants also claim that the college regulations governing student conduct are void for vagueness and overbreadth. They urge that we find the district court in error as a matter of law in declining to order the college to reinstate the students in question.
 
 
 6
 These arguments which rest upon a partial record fail to persuade us to reverse the trial court's preliminary order. Firstly, any determination that the students' college hearing violated due process will not necessarily mandate reinstatement, only a new hearing. See Esteban v. Central Missouri State College, 277 F.Supp. 649, 652 (W.D.Mo.1967), and this court's comment on that decision in Esteban v. Central Missouri State College, 415 F.2d 1077, 1081 (8th Cir. 1969). Moreover, the extent to which procedural due process must be applied on the college campus is presently in a state of great flux. For a discussion of the developing law, see generally Wright, The Constitution on the Campus, 22 Vand.L.Rev. 1027, 1059-1082 (1969). Courts also differ on whether colleges may rely on general, broad statements of purpose in regulating student conduct or whether colleges must adopt specific, detailed codes of conduct. Compare Soglin v. Kauffman, 295 F.Supp. 978, 990-991 (W.D.Wis.1968), aff'd, 418 F.2d 163, 167-168 (7th Cir. 1969), with Esteban v. Central Missouri State College, 290 F.Supp. 622, 629-630 (W.D.Mo.1968), aff'd 415 F.2d 1077, 1087-1089 (8th Cir.1969).
 
 
 7
 We apply the standard of reasonableness in determining whether or not a student has been deprived of his constitutional rights. Esteban, supra,415 F.2d at 1090. See Powe v. Miles, 407 F.2d 73, 84-85 (2d Cir. 1968); Wasson v. Trowbridge, 382 F.2d 807, 811-812 (2d Cir. 1967); Dixon v. Alabama State Board of Education, 294 F.2d 150, 158-159 (5th Cir. 1961). We have indicated that procedural due process must be afforded a student on the college campus 'by way of adequate notice, definite charge, and a hearing with opportunity to present one's own side of the case and with all necessary protective measures.' Esteban, supra, 415 F.2d at 1089. But, also, we have cautioned 'that it is not sound to draw any analogy between student discipline and criminal procedure * * *.' Esteban, supra, 415 F.2d at 1088.
 
 
 8
 With these considerations in mind, we believe appellate resolution of the issues raised by the students requires a complete record in the trial court including findings of fact and a final judgment on the merits. On the present partial record, lacking as it does a transcript of the college hearing, we cannot conclude that the college arrived at its decision by unreasonable or unfair processes.
 
 
 9
 No prejudice results from this restraint on our part. The relatively short period of suspension has expired. Appellants retain the opportunity to present additional evidence before the district court on final hearing.
 
 
 10
 We are unable to find either abuse of discretion or error of law by the district court in denying appellants' motion for preliminary relief.
 
 
 11
 Affirmed.
 
 
 
 [1]
 The district court announced preliminary findings from the bench as follows:
 '* * * This is temporary preliminary injunction hearing, and it is not a final decision, as you know. But based on the evidence which the Court finds in this case, the Court finds that these plaintiffs participated on October 15th in conduct in relation to the desecration of the flag, that they engaged in obscene language, that the plaintiffs and each one of them were notified on October 23rd, 1969, in writing about the nature of the charges which the school authorities indicated on which they would be heard on October 28th; that these people have been represented by attorneys from October 21st on; that on the face of the evidence before this Court the Junior College observed the requirements of due process in their hearings, and that they had adequate reason to dismiss or suspend these students.'