**HOLT CIVIC CLUB, etc., et al.,
Plaintiffs-Appellants,**

v.

**CITY OF TUSCALOOSA, etc., et al.,
Defendants-Appellees.**

No. 75–3323
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 31, 1975.

---

\* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Edward Still, William M. Dawson, Jr., Birmingham, Ala., for plaintiffs-appellants.

Wagner Finnell, City Atty., Glenn N. Baxter, Tuscaloosa, Ala., for defendants-appellees.

Before COLEMAN, AINSWORTH and SIMPSON, Circuit Judges.

AINSWORTH, Circuit Judge:

The Holt Civic Club, an unincorporated association, and individual members thereof who reside outside the corporate limits of Tuscaloosa, Alabama, but within the 3-mile contiguous zone surrounding the city known as its municipal police jurisdiction, brought suit challenging the constitutionality of the Alabama statutes creating such 3-mile police jurisdictions around Alabama municipalities with populations greater than 6,000 and 1.5-mile police jurisdictions around incorporated municipalities with smaller populations. Ala.Code, Tit. 37, §§ 9, 585 and 733.[1] Plaintiffs seek to represent a class

---

1. The relevant sections of Title 37 provide:

§ 9. *Police jurisdiction; territorial.*—The police jurisdiction in cities having six thousand or more inhabitants shall cover all adjoining territory within three miles of the corporate limits, and in cities having less than six thousand inhabitants, and in towns, such police jurisdiction shall extend also to the adjoining territory within a mile and a half of the corporate limits of such city or town. Ordinances of a city or town enforcing police or sanitary regulations and prescribing fines and penalties for violations thereof, shall have force and effect in the limits of the city or town and in the

of all similarly situated Alabama residents who live in such contiguous zones surrounding Alabama municipalities. Defendants are the City of Tuscaloosa, the three members of the governing body of the city (the members of the Commission Board), and the judge of the Recorder's Court of the city. Plaintiffs also seek a determination that these defendants are representative of a class consisting of all municipal executives, all municipal legislative bodies, and all municipal judicial officers or judges in the State of Alabama. The certification of these classes was not ruled upon. The court rejected plaintiffs' request made pursuant to 28 U.S.C. §§ 2281–84 that a three-judge court be convened and dismissed the complaint.

Section 2281 is not applicable unless (1) a state statute with state-wide applicability is challenged, (2) an "officer of such state" is sought to be restrained; (3) injunctive relief is sought, and (4) there is a substantial question as to the validity of the statute under the Federal Constitution. In this case, plaintiffs clearly seek injunctive relief challenging the enforceability of a statute which does have state-wide applicability. Despite the fact that local officers of the

City of Tuscaloosa named in the complaint are "chosen in a political subdivision and act[ ] within that limited territory," they are charged with applying statutes embodying "a policy of state-wide concern." *Spielman Motor Sales Co., Inc. v. Dodge*, 295 U.S. 89, 55 S.Ct. 678, 79 L.Ed. 1322 (1935). According to the allegations in plaintiffs' suit, the statutes in question create a pattern of disfranchisement with regard to local matters in the police jurisdictions surrounding Alabama municipalities. As a practical matter, local officials are the only public officers in the state who can exercise the state-created extraterritorial municipal authority which impinges on these unrepresented areas. Accordingly, we conclude that defendants are officers within the meaning of section 2281 for three-judge court purposes. *See Sailors v. Board of Education of the County of Kent*, 387 U.S. 105, 87 S.Ct. 1549, 18 L.Ed.2d 650 (1967); *Moody v. Flowers*, 387 U.S. 97, 101–102, 87 S.Ct. 1544, 1548, 18 L.Ed.2d 643 (1967) (dictum) ("a three-judge court need not be convened where the action seeks to enjoin a local officer . . . unless he is functioning pursuant to a statewide policy and performing a state function"); *Gilmore v. James*, N.D.Tex., 1967, 274 F.Supp. 75 (three-

police jurisdiction thereof, and on any property or rights of way belonging to the city or town.

§ 585. *Recorders; jurisdiction, powers and duties of.*—It shall be the duty of the recorder to keep an office in the city, and hear and determine all cases for the breach of the ordinances and by-laws of the city that may be brought before him, and he shall make report, at least once a month, of all fines, penalties and forfeitures imposed by him, or by any councilman in his stead. Such recorder is especially vested with and may exercise in the city and within the police jurisdiction thereof, full jurisdiction in criminal and quasi criminal matters, and may impose the penalties prescribed by ordinance for the violation of ordinances and by-laws of the city, and shall have the power of an ex-officio justice of the peace, except in civil matters. In the absence from the city, death, disability, or inability of the recorder, any councilman may act as such recorder with his full power and authority.

§ 733. *Licenses, general.*—Any city or town within the state of Alabama may fix and col-

lect licenses for any business, trade or profession done within the police jurisdiction of such city or town but outside the corporate limits thereof; provided, however, that the amount of such licenses shall be not more than one-half the amount charged and collected as a license for like business, trade or profession done within the corporate limits of such city or town, fees and penalties excluded. Provided, further, that when the place at which any such business, trade or profession is done or carried on within the police jurisdiction of two or more municipalities which levy the licenses thereon authorized by this section, such licenses paid to and collected by that municipality only whose boundary measured to the nearest point thereof is closest to such business, trade or profession. Provided that this section shall not have the effect to repeal or modify the limitations in this article relating to railroad, express companies, sleeping car companies, telegraph companies, telephone companies and public utilities, and insurance companies and their agents.

judge court), *aff'd*, 389 U.S. 572, 88 S.Ct. 695, 19 L.Ed.2d 783 (1968). *See also Board of Regents of the University of Texas System v. New Left Education Project*, 404 U.S. 541, 544 n.2, 92 S.Ct. 652, 654 n.2, 30 L.Ed.2d 697 (1972) (dictum).

 Finally, in light of Supreme Court standards for determining the substantiality of constitutional questions for purposes of section 2281, we cannot agree with the district court that the plaintiffs' claim in this case is "wholly insubstantial," *Goosby v. Osser*, 409 U.S. 512, 518, 93 S.Ct. 854, 858, 35 L.Ed.2d 36 (1973), "essentially fictitious," *Bailey v. Patterson*, 369 U.S. 31, 33, 82 S.Ct. 549, 551, 7 L.Ed.2d 332 (1962), or "obviously frivolous," *Hannis Distilling Co. v. Baltimore*, 216 U.S. 285, 288, 30 S.Ct. 326, 327, 54 L.Ed. 482 (1910).

Under the circumstances, the case is remanded to the district judge for the convening of a three-judge court.

Reversed and remanded.