**James W. YOUNG, Jr., Plaintiff,**

v.

**E. M. WALKER, Individually and as Chief, Bureau of Personnel, Department of Health and Rehabilitative Services, State of Florida, et al., Defendants.**

**No. 74–693–Civ–J–S.**

United States District Court,
M. D. Florida,
Jacksonville Division.

July 21, 1977.

Ben R. Patterson, Jerry G. Traynham, Tallahassee, Fla., for plaintiff.

James D. Whisenand, Deputy Atty. Gen., Tallahassee, Fla., James G. Mahorner, Chief, Trial Counsel Dept. of Health & Rehabilitative Services, Tallahassee, Fla., Chester George Senf, Jr., Dept. of Health & Rehabilitative Services, Jacksonville, Fla., Eva D. Peck, Jacksonville, Fla., for defendants.

Before JONES, Senior Circuit Judge, TJOFLAT, Circuit Judge, and SCOTT, Senior District Judge.

CHARLES R. SCOTT, Senior District Judge.

## ORDER

Plaintiff had been a career service employee with the Division of Family Services for the State of Florida since 1973. He was a personnel technician. In February, 1974 he became a permanent career service employee. Eight months later, on October 17, he was notified by letter that he was being terminated involuntarily, effective November 1, 1974. The reason given for plaintiff's dismissal was that his overall performance was unsatisfactory. Pursuant to Rule 22A–10.05 of the State Career Service Commission's rules and Fla.Stat. § 110.061, plaintiff, on November 1, 1974, appealed his dismissal for review by the Career Service Commission.

Three days later he commenced this action. On November 6, 1974, plaintiff amended his complaint. He sought (1) a declaration that the State Career Commission Rule, and Fla.Stat. § 110.061, together with defendant's discharge of him pursuant to those rules and statute, are unconstitutional; (2) a preliminary injunction to provide interim relief while the case proceeded; (3) a permanent injunction against discharges pursuant to the rules and statute; and (4) an award of attorney fees and costs.

The Court granted a preliminary injunction on January 9, 1975, ordering defendants to reinstate plaintiff to his job with backpay for the period of time between his termination and reinstatement. Some of the defendants petitioned for a writ of prohibition against that injunction. Although the United States Court of Appeals for the Fifth Circuit denied the petition, it modified the preliminary injunction by limiting the duration of its effect, and by ordering that backpay to plaintiff for the time he did not actually work (November 1, 1974 through January 9, 1975), would not be required under the preliminary injunction. During the month following the Court's issuance of the preliminary injunction, until the Court of Appeals' modification of it, the State Career Service Commission wanted to avoid any possible contempt of the Court's injunction, inasmuch as the language of that injunction seemed to preclude any final decision about plaintiff's employment until final adjudication of this case.

On January 16, 1975, the Chief Judge of the Fifth Circuit designated a three-judge court for this case. On February 7, 1975, the Court of Appeals entered its order modifying the Court's preliminary injunction. That order limited the duration of the preliminary injunction to February 22, 1975 (fifteen days after the entry of the Court of Appeals' order). Hence, from January 9 to February 22, 1975, the Career Service Commission was arguably prohibited by this Court's preliminary injunction from ruling on plaintiff's appeal of his dismissal.

After conducting a hearing to review plaintiff's appeal of his termination, the State Career Service Commission upheld that termination as based upon cause. Since May 9, 1975, there has been no issue about plaintiff's right to employment. He was found to be incompetent. Since that time, therefore, he has had no right to continued employment as a State Career Service employee.

On June 27, 1977, plaintiff filed a motion for the three-judge court in this case to dissolve itself. Defendants oppose that motion. They argue that plaintiff's injunctive claim is not moot, and that a three-judge court is still required for the relief requested in this case.

▪ This case has never been certified as a class action under Fed.R.Civ.P. 23(a). Consequently, it is not one. *Baxter v. Palmigiano,* 425 U.S. 308, 310 n. 1, 96 S.Ct. 1551, 47 L.Ed.2d 810, 817 n. 1 (1976); *Sosna v. Iowa,* 419 U.S. 393, 399 n. 8, 95 S.Ct. 553, 557, 42 L.Ed.2d 532 (1975). Hence, the injunctive claim in this case is plaintiff's alone. It must stand or fall as a viable case or controversy on the facts concerning him. Furthermore, if he does not have a viable injunctive claim, he could never be a proper representative of a class for purposes of seeking any injunctive relief.

▪ Following his termination in November, 1974, plaintiff sought to enjoin his discharge because he had not been allowed an opportunity to test its basis in a forum of fundamental due process. Specifically, he sought reinstatement to his job until and unless the State Career Service Commission first justified his termination as being for cause. The Court issued an injunction, returning him to work, and he continued in his employment until the Career Service Commission reviewed and upheld his termination. In May, 1975, the Career Service Commission determined that plaintiff had been discharged originally for cause—incompetent job performance. There is no question remaining about plaintiff's right to reinstatement. He has none. He was discharged for cause. It is obvious, therefore, that plaintiff's claim for injunctive relief is moot; and he has abandoned it for that reason. Nevertheless, he continues to assert his claims for damages in the form of backpay and for declaratory relief.

▪ This case is not an exception to the mootness doctrine, where a claim that is capable of repetition would nonetheless evade judicial review. *Nebraska Press Ass'n v. Stuart,* 427 U.S. 539, 546, 96 S.Ct. 2791, 2797, 49 L.Ed.2d 683, 690 (1976); *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350, 353 (1975); *Gerstein v. Pugh,* 420 U.S. 103, 110 n. 11, 95

S.Ct. 854, 861, 43 L.Ed.2d 54, 63 n. 11 (1975); *Sosna v. Iowa,* 419 U.S. at 398–403, 95 S.Ct. at 556–559, 42 L.Ed.2d at 540–43 (1975); *Allee v. Medrano,* 416 U.S. 802, 809–11, 818 n. 12, 94 S.Ct. 2191, 2197–2198, 2202 n. 12, 40 L.Ed.2d 566, 577–78, 582 n. 12 (1974); *Brown v. Chote,* 411 U.S. 452, 457 n. 4, 93 S.Ct. 1732, 1736, 36 L.Ed.2d 420, 425 n. 4 (1973); *Roe v. Wade,* 410 U.S. 113, 123–25, 93 S.Ct. 705, 711–713, 35 L.Ed.2d 147, 160–61 (1973); *Moore v. Ogilvie,* 394 U.S. 814, 816, 89 S.Ct. 1493, 1494, 23 L.Ed.2d 1, 4 (1969); *Southern Pacific Terminal Co. v. ICC,* 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310, 316 (1911). It is highly improbable that plaintiff will ever again be discharged from employment by the State Career Service Commission without any of the guarantees of fundamental due process. It is improbable because plaintiff, having been once terminated for cause, is unlikely to be re-employed by the Career Service Commission again. In other words, the events of this case are not very capable of recurring. *Connell v. Shoemaker,* 555 F.2d 483, 486 n. 3 (5th Cir. 1977). Even if he should, however, be re-employed and similarly terminated again, it is by no means certain that such a new claim would inevitably evade a judicial determination. In fact, one of the challenges to the state statute involved in this case is that it allows for a person to be deprived of an employment property-interest for a conceivably indefinite period of time before he finally might obtain any due process review of that deprivation. In such a situation, an injunctive claim surely would not elude a court's jurisdiction to grant relief. As a result, the Court can neither conclude that plaintiff's injunctive claim is one that is likely to recur, nor that even if it should recur it would inevitably evade judicial review. *Preiser v. Newkirk,* 422 U.S. 395, 401–03, 95 S.Ct. 2330, 2334–2335, 45 L.Ed.2d 272, 277–79 (1975); *Indianapolis School Comm'rs v. Jacobs,* 420 U.S. 128, 129, 95 S.Ct. 848, 849, 43 L.Ed.2d 74, 78 (1975); *De Funis v. Odegaard,* 416 U.S. 312, 319, 94 S.Ct. 1704, 1707, 40 L.Ed.2d 164, 170 (1974).

██ Under the Supreme Court's strict interpretation of the Three-Judge Court Statute, *Mitchell v. Donovan,* 398 U.S. 427, 431, 90 S.Ct. 1763, 1765, 26 L.Ed.2d 378, 382 (1970); *Phillips v. United States,* 312 U.S. 246, 250–51, 61 S.Ct. 480, 483, 85 L.Ed. 800, 804–05 (1941), there are four elements that necessitate convening a three-judge district court: (1) a claim for injunctive relief (2) against a state officer, (3) to prevent enforcement of a statewide statute (4) which is challenged as being unconstitutional in substantial ways. *Brown v. Liberty Loan Corp. of Duval,* 539 F.2d 1355, 1359 n. 2 (5th Cir. 1976), *rev'g* 392 F.Supp. 1093 (M.D.Fla. 1975); *Morales v. Turman,* 535 F.2d 864, 870 (5th Cir. 1976); *Holt Civic Club v. City of Tuscaloosa,* 525 F.2d 653, 655 (5th Cir. 1975). If any one of those criteria is missing, a three-judge district court is not necessary. For example, when the particular form of state law attacked does not have statewide effect (such as a special act or local ordinance) it is not a state statute within the meaning of the Three-Judge District Court Act. *Board of Regents of Univ. of Tex. System v. New Left Educ. Project,* 404 U.S. 541, 542, 545, 92 S.Ct. 652, 655, 30 L.Ed.2d 697, 700, 702 (1972). Similarly, when the challenge against a state law is essentially its incompatibility with federal law, the basis of the challenge is the superiority of federal acts over conflicting state statutes by virtue of the Supremacy Clause; and there is no substantial constitutional claim to require a three-judge district court. *Rosado v. Wyman,* 397 U.S. 397, 400, 402–03, 90 S.Ct. 1207, 1212–1213, 25 L.Ed.2d 442, 449, 450 (1970); *Swift & Co. v. Wickham,* 382 U.S. 111, 115, 120, 86 S.Ct. 258, 261, 15 L.Ed.2d 194, 198, 201 (1965); *Ex parte Bransford,* 310 U.S. 354, 359, 361, 60 S.Ct. 947, 951, 84 L.Ed. 1249, 1252, 1253 (1940); *Fitzgerald v. Catherwood,* 388 F.2d 400, 407 (2d Cir. 1968), *cert. den.* 391 U.S. 934, 88 S.Ct. 1846, 20 L.Ed.2d 854 (1968). Likewise, where no injunctive relief is requested, such as where declaratory relief only is sought, a three-judge district court is not required. *Mitchell v. Donovan,* 398 U.S. at 430–31, 90 S.Ct. at 1764–1765, 26 L.Ed.2d at 382 (1970); *Kennedy v. Mendoza-Martinez,* 372 U.S. 144, 153, 154, 83 S.Ct. 554, 559, 560, 9

L.Ed.2d 644, 652, 653 (1963); *Brown v. Liberty Loan Corp. of Duval,* 539 F.2d at 1359; *Kimball v. Florida Bar,* 537 F.2d 1305, 1307 n. 5 (5th Cir. 1976); *Communist Party of Ill. v. State Bd. of Elections,* 518 F.2d 517, 519, 520 n. 7 (7th Cir. 1975), *cert. den.* 423 U.S. 986, 96 S.Ct. 394, 46 L.Ed.2d 303 (1975); *Hubel v. West Va. Racing Comm'n,* 513 F.2d 240, 242 and n. 5 (4th Cir. 1975); *Finnerty v. Cowen,* 508 F.2d 979, 986 (2d Cir. 1974); *Sands v. Wainwright,* 491 F.2d 417, 422 (5th Cir. 1973), *vac'g* and *remand'g* 357 F.Supp. 1062 (M.D.Fla.1973); *Nieves v. Oswald,* 477 F.2d 1109, 1115 n. 15 (2d Cir. 1973).

▮▮▮ Whenever one or more of the four elements that necessitate a three-judge district court disappear, whether through mootness or abandonment, at the trial level or the appellate level, a three-judge district court is not needed. Where one of the essential claims that require a three-judge district court becomes moot before a three-judge court is convened, it is obvious that one need not be convened. *Familias Unidas v. Briscoe,* 544 F.2d 182, 186–88 (5th Cir. 1976); *Communist Party of Ill. v. State Bd. of Elections,* 518 F.2d at 519–20 and n. 7; *Hubel v. West Va. Racing Comm'n,* 513 F.2d at 242 and n. 5; *Finnerty v. Cowen,* 508 F.2d at 986. If, however, after a three judge district court has been convened, one or more of the four essential claims that required the three-judge district court become moot, a three-judge court is no longer needed. *Mitchell v. Donovan,* 398 U.S. at 430–31, 90 S.Ct. at 1764–1765, 26 L.Ed.2d at 382; *Rosado v. Wyman,* 397 U.S. at 400, 402–03, 90 S.Ct. at 1212–1213, 26 L.Ed.2d at 449, 450; *Merced Rosa v. Herrero,* 423 F.2d 591, 593 and n. 2 (1st Cir. 1970). If a plaintiff abandons one or more of the four elements that necessitate a three-judge district court, either at the trial level or even on appeal, a three-judge district court is no longer needed. *Wilson v. Edelman,* 542 F.2d 1260, 1280 and n. 38 (7th Cir. 1976); *Hubel v. West Va. Racing Comm'n,* 513 F.2d at 242 and n. 5; *Nieves v. Oswald,* 477 F.2d at 1115; *Seergy v. Kings County Republican County Committee,* 459 F.2d 308, 312 (2d Cir. 1972); *Rosario v. Rocker-*feller, 458 F.2d 649, 651 (2d Cir. 1972), *aff'd* 410, U.S. 752, 93 S.Ct. 1245, 36 L.Ed.2d 1 (1973).

▮▮▮ Moreover, even after a three-judge district court is convened, if it is determined that the case inherently lacks one of the four essential elements that necessitate a three-judge court, a three-judge district court is not necessary under the statute. *Swift & Co. v. Wickham,* 382 U.S. 111, 114 and n. 4, 86 S.Ct. 258, 260 and n. 4, 15 L.Ed.2d 194, 197–98 and n. 4 (1965); *Merced Rosa v. Herrero,* 423 F.2d at 593 n. 2; *Two Guys from Harrison-Allentown, Inc. v. McGinley,* 266 F.2d 427, 432–33 (3d Cir. 1959); *Haynes v. Dallas County Jr. College Dist.,* 386 F.Supp. 208, 212, 213 (N.D.Tex. 1974); *Trombetta v. State of Florida,* 353 F.Supp. 575, 578 (M.D.Fla.1973); *Tape Inds. Ass'n of Amer. v. Younger,* 316 F.Supp. 340, 346 (C.D.Calif.1970); *Carlsbad Union Sch. Dist. of San Diego County v. Rafferty,* 300 F.Supp. 434, 439 (S.D.Calif.1969); *Miller v. Smith,* 236 F.Supp. 927, 934 (E.D.Pa.1964). Obviously, where it is determined that one of the four essential claims that require a three-judge court is inherently missing from the case before the three-judge district court is designated, one need not be designated. *Kennedy v. Mendoza-Martinez,* 372 U.S. 144, 154–54, 83 S.Ct. 554, 559–560, 9 L.Ed.2d 644, 652–53 (1963); *Ex parte Bransford,* 310 U.S. at 359–61, 60 S.Ct. at 950–951, 84 L.Ed. at 1252–53 (1940); *Costello v. Wainwright,* 430 U.S. 325, 326, 97 S.Ct. 1191, 1192, 51 L.Ed.2d 372, 374 (1977), *rev'g* 539 F.2d 547 (5th Cir. 1976) (en banc), *reinstat'g* 525 F.2d 1239 (5th Cir. 1976), *aff'g* 397 F.Supp. 20 (M.D.Fla.1975); *William v. Edwards,* 547 F.2d 1206, 1209–11 (5th Cir. 1977); *Wilson v. Edelman,* 542 F.2d at 1280 and n. 39; *Brown v. Liberty Loan Corp. of Duval,* 539 F.2d at 1359–60; *Kimball v. Florida Bar,* 537 F.2d at 1307 n. 5; *Nieves v. Oswald,* 477 F.2d at 1115 n. 15. Finally, even if, on appeal from a decision rendered by a three-judge district court convened under the statute, it is determined that the case inherently lacked one of the four essential claims that require a three-judge court, so that no three-judge court

was needed, the case will be remanded for appeal to the Court of Appeals. *Board of Regents of Univ. of Tex. System v. New Left Educ. Project,* 404 U.S. at 545, 92 S.Ct. at 655, 30 L.Ed.2d at 702.

In the present case, plaintiff's injunctive claim has become moot, and he has abandoned it, after the three-judge district court was convened. Although some three-judge district courts have preferred to continue to sit as a non-statutory, but solidary, district court, *Tape Inds. Ass'n of Amer. v. Younger,* 316 F.Supp. at 346–47; *Carlsbad Union Sch. Dist. of San Diego County v. Rafferty,* 300 F.Supp. at 439; we think it wiser to follow those cases where the three-judge district court has dissolved itself, and remanded the case to the one district judge to whom the case was assigned originally. *Rosado v. Wyman,* 397 U.S. 397, 400, 402–03, 90 S.Ct. 1207, 1212–1213, 25 L.Ed.2d 442, 449, 450 (1970); *Miller v. Smith,* 236 F.Supp. at 934; *Haynes v. Dallas County Jr. College District,* 386 F.Supp. at 212; *Trombetta v. State of Florida,* 353 F.Supp. at 578; *Two Guys from Harrison-Allentown, Inc. v. McGinley,* 266 F.2d 427, 432–33 (3d Cir. 1959). This procedure seems to be "the most appropriate course,"

> . . . rather than encumber the district court at a time when district court calendars are overburdened, by consuming the time of three federal judges in a matter that [is] not required to be determined by a three-judge court.

*Rosado v. Wyman,* 397 U.S. at 403, 90 S.Ct. at 1213, 25 L.Ed.2d at 450. Furthermore, to do so is consistent with the Supreme Court's narrow and restrictive interpretation of the Three-Judge-Court Statute. *Mitchell v. Donovan,* 398 U.S. at 431, 90 S.Ct. at 1765, 26 L.Ed.2d at 382; *Phillips v. United States,* 312 U.S. 246, 250–51, 61 S.Ct. 480, 483, 85 L.Ed. 800, 804–05 (1941). Finally, although the repeal of the Three-Judge-Court Statute does not affect cases commenced before August 13, 1976, the legislative abrogation of that statute indicates that Congress' attitude toward it now agrees with the Supreme Court's. Our decision to dissolve this three-judge court and remand the case to the original district judge, therefore, is also compatible with the recent Congressional view of the Three-Judge-Court Statute. We enter this order dissolving this three-judge district court and remanding this case to the one district judge to whom the case was originally assigned, for his disposition. Accordingly, it will be so ordered.