UNIVERSITY OF HOUSTON, Appellant,

v.

**Ramin SABETI, Appellee.**

**No. 01–83–0782–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 30, 1984.

Mitchell J. Green, Austin, for appellant.

Leigh B. Meineke, McLain & Niehaus, Houston, for appellee.

Before COHEN, WARREN and BASS, JJ.

## OPINION

COHEN, Justice.

The sole question before us is whether a student permanently expelled from a state university was denied due process of law because his counsel was not allowed to speak during the expulsion hearing.

In April of 1983, the appellee was charged with violating the university's rules by misrepresenting as his own work certain papers which were prepared by another. Under the school's policies regarding academic dishonesty, a hearing was held by the engineering department, followed by another hearing before the college honesty board, and an appeal to the university provost. The departmental hearing took place on April 25, 1983, the appellee was found guilty, and the department chairman recommended a permanent expulsion because the appellee was a second offender, having previously been accused of cheating on an exam. There is no issue before this court concerning the procedures followed at the first hearing before the engineering department.

The second step in the process, a hearing before the college honesty board, was held on May 4, 1983, before a panel of two faculty members and three students. The hearing was presided over by a faculty member appointed by the dean.

The appellee was assisted by his counsel of choice, a law student. This counsel attended the hearing and advised the appellee during the hearing; however, he was not allowed to speak, argue or question witnesses during the hearing. The appellee, speaking for himself, was allowed to testify and to make opening and closing statements, but was not permitted to question witnesses directly. All questions were directed to the hearing officer, who would ask the question directly of the witness. The hearing officer asked some, but not all the questions requested by the appellee. No attorney or other counsel represented the university.

The appellee was found guilty and was permanently expelled. He then exercised his final administrative remedy by appealing unsuccessfully to the Provost.

The appellee then sued to have his expulsion set aside because the procedure followed in the hearing before the college honesty board denied him due process of law in that his counsel was not permitted to question witnesses and make statements. The district court agreed with these contentions. The court's conclusions of law state:

6. Procedural due process requires that the student subject to permanent suspension must be provided a hearing at which the student could be represented by counsel, and, *through counsel,* present witnesses on his own behalf, and cross-examine adverse witnesses.

7. The prohibition against representation of plaintiff by and *through counsel* was a violation of plaintiff's right to due process. (all emphasis supplied)

The court permanently enjoined the university from giving effect to the expulsion and required that the appellee be allowed to enroll in classes; it ordered the university to remove all language regarding the expulsion from the appellee's transcript and to remove all grades of F given as a result of the expulsion; and it enjoined any rehearing of charges against the appellee without prior court approval of the procedures to be followed in the hearing.

The issue before us has divided courts for years. Several United States Circuit Courts of Appeal have held that the fourteenth amendment to the United States Constitution does not require confrontation and cross-examination of witnesses by the accused, much less by counsel, in expulsion proceedings. *Dixon v. Alabama State Board of Education,* 294 F.2d 150, 159 (5th Cir.1961); *Boykins v. Fairfield Board of Education,* 492 F.2d 697, 700–702 (5th Cir. 1974).

In *Wasson v. Trowbridge,* 382 F.2d 807, 812 (2nd Cir.1967), the Court upheld the expulsion of a student from the United States Merchant Marine Academy and rejected a contention that he was entitled to counsel:

"Where the proceeding is non-criminal in nature, where the hearing is investigative and not adversarial and the government does not proceed through counsel, where the individual concerned is mature and educated, where his knowledge of the events ... should enable him to develop the facts adequately through available sources, and where the other aspects of the hearing taken as a whole are fair, due process does not require representation by counsel."

The *Wasson* Court held that the hearing was "not adversarial" even though the student was permanently expelled. It compared the circumstances to *Dixon, supra,* which upheld the expulsion of students from a non-military college.

"It is significant that in the *Dixon* case where the balancing of government and private interest favored the individual far more than here, the Court did not suggest that a student must be represented by counsel in an expulsion proceeding."

In *Greenhill v. Bailey,* 519 F.2d 5, 9 (8th Cir.1975), the Court, as in *Dixon v. Alabama State Board, supra,* held that, although a reversal was required because lack of notice deprived the college student of due process, "the presence of attorneys or the imposition of rigid rules of cross-examination at a hearing for a student ... would serve no useful purpose, notwithstanding that the dismissal in question may be of permanent duration."

Several federal district courts have also declined to impose such a requirement. *See Barker v. Hardway,* 283 F.Supp. 228 (S.D.W.Va.1968); *Haynes v. Dallas County Junior College District,* 386 F.Supp. 208 (N.D.Tex.1974); and *Hart v. Ferris State College,* 557 F.Supp. 1379 (W.D.Mich.1983).

█ High school students do not shed their constitutional rights at the schoolhouse gate, *Tinker v. Des Moines Ind. School Dist.,* 393 U.S. 503, 506, 89 S.Ct. 733, 736, 21 L.Ed.2d 731 (1969), nor do students forfeit their constitutional rights by attending a state university. *Esteban v. Central Missouri State College,* 415 F.2d 1077, 1085 (8th Cir.1969) (Blackmon, J.). We have come a long way in the opposite direction since Mr. Justice Holmes, faced with a due process claim, concluded that, "The petitioner may have a constitutional right to talk politics, but he has no constitutional right to be a policeman." *McAuliffe v. New Bedford,* 155 Mass. 216, 220, 29 N.E. 517, 519; see *Garrity v. Jersey,* 385 U.S. 493, 499, 87 S.Ct. 616, 619, 17 L.Ed.2d 562 (1967). Attendance at a state

university is an interest protected by the due process clause of the fourteenth amendment, *Goss v. Lopez,* 419 U.S. 565, 576, 95 S.Ct. 729, 737, 42 L.Ed.2d 725 (1975); however, "once it is determined that due process applies, the question remains what process is due." *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972).

In *Goss v. Lopez, supra,* the Supreme Court held that due process did not require confrontation and cross-examination of witnesses or representation by counsel to support the suspension of high school students for ten days. The Court declined to impose these requirements even though it held unconstitutional an Ohio statute which failed to give notice and a right to be heard to the suspended students. Although the Court stated that longer suspensions or expulsions might require "more formal procedures," it declined to impose them. 419 U.S. at 583–584. Four justices, all of whom are on the court today, dissented even from the limited holding of *Goss, supra.* Nevertheless, several federal courts both before and after *Goss* have held that representation by counsel is required. *Black Coalition v. Portland School District No. 1,* 484 F.2d 1040, 1045 (9th Cir. 1973) (high school students); *Gonzales v. McEuen,* 435 F.Supp. 460, 467 (C.D.Cal. 1977) (high school); *Givens v. Poe,* 346 F.Supp. 202, 209 (W.D.N.C.1972) (elementary school).

One court has held that due process requires that counsel be present to advise the student at the hearing and that the student, not the counsel, may question witnesses against him. *Esteban v. Central Missouri State College,* 277 F.Supp. 649, 651–652 (W.D.Mo.1967), aff'd, 415 F.2d 1077, 1089 (Blackmon, J.) (8th Cir.1969). This procedure was followed in the instant case.

In *Texarkana Independent School District v. Lewis,* 470 S.W.2d 727, 735–736 (Tex.Civ.App.—Texarkana 1971, no writ), a court of three judges announced three opinions, including a dissenting opinion. The court held that the right to cross-examina-

tion and confrontation is not always mandatory. However, the court also held that a high school student has the right to be represented by counsel

"where the school district proceeds through counsel, and particularly when the school intends to expel the student; it is not necessary to notify the student of his right to counsel ... when the school district does not elect to proceed through counsel and does not intend to expel the student."

The *Lewis* case was never reviewed or approved by the Texas Supreme Court. The holding quoted above relied for authority upon *Madera v. Board of Education,* 386 F.2d 778 (2nd Cir.1967) and *Wasson v. Trowbridge, supra,* 382 F.2d 807, 812 (2nd Cir.1967). However, neither case made such a holding. *Madera* reversed an injunction which required that attorneys be allowed to participate in junior high school guidance conferences. 386 F.2d at 780. It was not an expulsion case, and the only issue to be decided at the guidance conference which the attorney was barred from attending was whether the child would be reinstated in the same school and class or transferred to another school. *Madera, supra,* 386 F.2d at 782. The court stated:

"What due process may require before a child is expelled from public school or is remanded to a custodial school or other institution which restricts his freedom to come and go as he pleases is not before us." *Madera, supra* 386 F.2d at 788.

*Wasson v. Trowbridge* expressly rejected any requirement of counsel such as the court found in *Lewis, supra.*

We further observe that *Lewis* involved high school students, who were minors. Minors may be more in need of counsel's participation than would an adult with greater education, such as the appellee.

■ We hold that due process of law guaranteed by the fourteenth amendment to the U.S. Constitution was not violated by the facts in this case. The appellant has not claimed that he received no notice, late

notice, or vague notice of the charges. He has not complained that he was denied the right to have an attorney or other counsel present at the proceedings. He was assisted at the hearing by his counsel of choice, a law student, acting without fee as a "student defender", pursuant to the university's policy to provide such assistance. The appellee testified fully. A form of cross-examination was allowed. The university had no advantage over the appellee in this respect because it had no counsel, attorney or otherwise, at the hearing. None of the factors listed in *Wasson v. Trowbridge* as favoring counsel were present: 1) the proceeding was not criminal; 2) the government did not proceed through counsel; 3) the student was mature and educated; 4) the student's knowledge of the events enabled him to develop the facts adequately; and 5) the other aspects of the hearing, taken as a whole, were fair.

The record shows that a fair hearing was conducted which gave the appellee fair opportunity to defend himself against his accusers. The basic elements of due process, notice and a right to be heard, were afforded the appellee. The due process clause requires only fundamental fairness; it does not require that every dispute with a government agency be resolved as a lawsuit would be. Due process "negates any concept of inflexible procedures applicable to every imaginable situation," *Goss v. Lopez, supra,* 419 U.S. at 578, 95 S.Ct. at 738. It is a flexible concept that may be reflected in many different methods of dispute resolution other than the judicial model, as long as the method used provides reasonable notice and fair hearing, as it did under the facts in this particular case. *Mathews v. Eldridge,* 424 U.S. 319, 348–49, 96 S.Ct. 893, 909–910, 47 L.Ed.2d 18 (1976).

Points of error one and two are sustained. The judgment of the district court is reversed. Judgment is hereby rendered in favor of the appellant setting aside the injunction and denying all relief sought by the appellee.