COSTELLO ET AL. *v.* WAINWRIGHT, SECRETARY, FLORIDA DEPARTMENT OF OFFENDER REHABILITATION, ET AL.

No. 76–5920.   Decided March 21, 1977

PER CURIAM.

The motion to strike the brief of the United States as *amicus curiae* is denied.

Petitioners in this case attacked the overcrowding in Florida's prisons as violative of the Cruel and Unusual Punishments Clause of the Eighth Amendment, made applicable to the States by the Fourteenth.  A single District Judge found substantial constitutional violations and issued a preliminary injunction ordering the Division of Corrections either to reduce the inmate population or to increase prison capacity.  In an en banc decision, the United States Court of Appeals for the Fifth Circuit vacated the District Court's decision on the ground that only a three-judge court convened in accordance with 28 U. S. C. § 2281 could order such relief.   539 F. 2d 547 (1976).

On its face, the complaint that initiated this case involved no challenge to state statutes or regulations. There was thus no reason at the beginning of this litigation to suspect that a three-judge court should hear the case. See *Moody* v. *Flowers,* 387 U. S. 97, 104 (1967); *Baxter* v. *Palmigiano,* 425 U. S. 308 (1976); *Morales* v. *Turman, ante,* p. 322. In granting equitable relief, however, the District Court contemplated as one means of relieving the prison system's unconstitutional overcrowding the possibility that state prison officials would have to violate their statutory duty to continue to accept custody of prisoners properly committed to them. The Court of Appeals concluded that such equitable relief could be granted only by a three-judge court, apparently because it viewed the possible temporary suspension of an otherwise valid state statute to effectuate federally mandated relief as equivalent to finding that statute unconstitutional.

We cannot agree. The applicability of § 2281 as written turns on whether a state statute is alleged to be unconstitutional, not on whether an equitable remedy for unconstitutional state administrative behavior ultimately impinges on duties imposed under concededly constitutional state statutes. To hold otherwise would require postponing the threshold question of jurisdiction until the merits of the controversy had been fully resolved and the broad outlines of equitable relief discerned. Section 2281 embodies no such wasteful and uncertain mandate.

Since we conclude that the single District Judge properly exercised full jurisdiction in this case, and that his judgment is, therefore, reviewable on the merits in the Court of Appeals (28 U. S. C. § 1291), the petition for a writ of certiorari and the motion for leave to proceed *in forma pauperis* are granted, the judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*