. **Ricky WYATT, by and through his aunt and legal guardian Mrs. W. C. Rawlins, Jr., et al., Plaintiffs,**

**Calvin Moore, et al., Plaintiffs-Intervenors,**

v.

**Glenn IRELAND, as Commissioner of Mental Health and the State of Alabama Mental Health Officer, et al., Defendants,**

**United States of America, et al., Amici Curiae.**

**Civ. A. No. 3195–N.**

United States District Court, M. D. Alabama, N. D.

March 25, 1981.

John L. Carroll and Stephen J. Ellmann, Montgomery, Ala., Jack Drake, Drake & Pierce, University, Ala., for plaintiffs.

L. Drew Redden and William H. Mills, Redden, Mills & Clark, Birmingham, Ala., for plaintiffs-intervenors.

Charles A. Graddick, Atty. Gen., State of Ala., Montgomery R. Emmett Poundstone, III, Ricky Trawick, and Fairley McDonald, Asst. Attys. Gen., Dept. of Mental Health, State of Alabama, Montgomery, Ala., Byrd R. Latham, Patton, Latham, Legge & Cole, Athens, Ala., for defendants.

Joel Dubina and Robert E. Sasser, Jones, Murray, Stewart & Yarbrough, Montgom-

ery, Ala., for Governor Bob James, Temporary Receiver, and defendant Dr. Rex Rainer.

Barry E. Teague, U. S. Atty., M. D. of Ala., Montgomery, Ala., Mary E. McClymont and Andrew J. Barrick, Civ. Rights Div., Dept. of Justice, Washington, D. C., Jane Bloom Yohalem and Norman S. Rosenberg, Mental Health Law Project, Washington, D. C., Morton Birnbaum Brooklyn, N. Y., for amici curiae.

## ORDER

MYRON H. THOMPSON, District Judge.

This cause is before the Court on the plaintiffs' March 9, 1981, motion for the designation and convening of a three-judge district court.

In support of the motion, the plaintiffs state and contend the following:

1. In this action Plaintiffs have requested by motion filed contemporaneously herewith that the General Fund of the State of Alabama be effectively altered so as to fund adequately the requirements ordered by this Court in prior proceedings.

2. This motion seeks, inter alia, an order directing the defendants to make available at once to the Department of Mental Health, and to utilize therein, $146 million for the fiscal year 1980–81, in order to stave off a crisis situation in the compliance process. Plaintiffs request that consideration of this aspect of their motion be expedited in the same manner as a motion for preliminary injunction considered under Rule 65(b) of the Federal Rules of Civil Procedure.

3. The United States Court of Appeals for the Fifth Circuit has already declared in this case that, "Any federal decree that state lands be sold or legislative appropriations be reallocated or enjoined would involve state laws of state-wide significance within the purview of 28 U.S.C.A. § 2281. The federal injunctive decree which might be entered in such circumstances is required to be that of a three-judge district court." *Wyatt v. Aderholt,*
503 F.2d 1305, 1318 (5th Cir. 1974). Plaintiffs seek an injunction binding the actions of a range of state officials, and barring the unconstitutional application of all provisions of state law which would interfere with implementation of the direct funding relief they propose, and such an injunction falls squarely within 28 U.S.C.A. § 2281, as the Court of Appeals foresaw.

4. 28 U.S.C.A. § 2281 was repealed by Congress on August 12, 1976. However, the Act (Pub.L. 94–381) repealing the statute provided: "This Act shall not apply to any action commenced on or before the date of enactment." This action was commenced prior to August 12, 1976.

5. The relief requested herein can only be granted by a three-judge district court.

\* \* \* \* \* \*

Upon consideration of the motion and the grounds stated by the plaintiffs in support thereof, the Court is of the opinion that the motion has no merit and must be denied.

The plaintiffs are correct in their contention that because this action was filed prior to August 13, 1976, the requirements of 28 U.S.C. § 2281 relating to the convening of three-judge courts, even though now repealed, Pub.L. 94–381, § 1, 90 Stat. 1119 (1976), continue to be applicable to this case, *id.,* § 7, 90 Stat. 1120. *See, e. g., Lewis v. BT Investment Managers, Inc.,* 447 U.S. 27, 29, n.1, 100 S.Ct. 2009, 2012 n.1, 64 L.Ed.2d 702 (1980); *Vitek v. Jones,* 445 U.S. 480, 485, n.4, 100 S.Ct. 1254, 1259 & n.4, 63 L.Ed.2d 552 (1980). *See also* S.Rep.No. 204, 94th Cong., 2d Sess., *reprinted in* [1976] U.S.Code Cong. & Ad.News 1988, 2001.

The plaintiffs are also correct in their contention that in the course of considering the appeal of an earlier order in this case, the Fifth Circuit warned that,

Any federal decree that state lands be sold or legislative appropriations be reallocated or enjoined would involve state laws of statewide significance within the purview of 28 U.S.C. § 2281. The federal injunctive decree which might be entered

in such circumstances is required to be that of a three-judge district court.

*Wyatt v. Aderholt*, 503 F.2d 1305, 1318 (5th Cir. 1974) (citation omitted). Further, as the plaintiffs contend, their motion to require the provision of sufficient funds contemplates just such a decree.

However, since the date on which the Fifth Circuit rendered the above opinion in *Wyatt*, the Supreme Court has made it plain that the above-quoted dictum was not or at least no longer is a correct statement of section 2281 law.

In *Costello v. Wainwright*, 397 F.Supp. 20 (M.D.Fla.1975), the plaintiffs attacked overcrowding in Florida's prisons as violative of the Cruel and Unusual Punishment Clause of the Eighth Amendment, made applicable to the States by the Fourteenth Amendment. After a review of the plaintiffs' claims, a single district judge concluded that the claims had merit and issued a preliminary injunction ordering the state division of corrections either to reduce the inmate population or to increase prison capacity. As the district judge realized, it was apparent that in obeying the injunction state prison officials might well have to violate their state statutory duty to continue to accept custody of prisoners properly committed to them.

For this reason, the Fifth Circuit, in an en banc decision, vacated the district judge's order. *Costello v. Wainwright*, 539 F.2d 547 (5th Cir. 1976) (en banc). The Court concluded that under the terms of section 2281 such equitable relief could be granted only by a three-judge court, apparently because the Court viewed the possible temporary suspension of an otherwise valid state statute to effectuate federally mandated relief as equivalent to finding that statute unconstitutional.

In a short per curiam, the Supreme Court granted the plaintiffs' petition for writ of certiorari and reversed. *Costello v. Wainwright*, 430 U.S. 325, 326, 97 S.Ct. 1191, 51 L.Ed.2d 372 (1977). Noting that,

> On its face, the complaint that initiated this case involved no challenge to state statutes or regulations. There was thus no reason at the beginning of this litigation to suspect that a three-judge court should hear the case[,]

430 U.S. at 326, 97 S.Ct. at 1191 (citation omitted), the Court concluded that no three-judge court was authorized by section 2281. The Court held that,

> The applicability of § 2281 as written turns on whether a state statute is alleged to be unconstitutional, not on whether an equitable remedy for unconstitutional state administrative behavior ultimately impinges on duties imposed under concededly constitutional state statutes. To hold otherwise would require postponing the threshold question of jurisdiction until the merits of the controversy had been fully resolved and the broad outlines of equitable relief discerned. Section 2281 embodies no such wasteful and uncertain mandate.

430 U.S. at 326, 97 S.Ct. at 1191.

■ The Supreme Court's holding in *Costello* is clearly controlling here. As the Fifth Circuit recognized by its affirmance in *Wyatt v. Aderholt*, 503 F.2d 1305 (5th Cir. 1974), on its face, the complaint that initiated this case involved no challenge to state statutes or regulations such as to invoke the three-judge requirement of section 2281. The fact that the equitable relief now requested by the plaintiffs may impinge on duties imposed on state officials under state statutes or regulations does not make the three-judge requirement of section 2281 now applicable. *Costello v. Wainwright, supra*, 430 U.S. at 326, 97 S.Ct. at 1191.

For the above reasons, it is ORDERED that the motion for the designation and convening of a three-judge district court be and the same is hereby denied.