**AMERICAN MEAT INSTITUTE,**
**Plaintiff-Appellee,**

v.

**Dean PRIDGEON, Director, Department of Agriculture of Michigan, and Edward C. Heffron, Chief of Food Inspection Division of Michigan, Defendants-Appellants.**

**No. 82–1742.**

United States Court of Appeals, Sixth Circuit.

Argued Nov. 3, 1983.
Decided Jan. 6, 1984.

Frank J. Kelley, Atty. Gen., of Michigan, Lansing, Mich., Andrea Bateman, Regulatory Division, OGC, U.S. Dept. of Agriculture, J. Paul McGrath, Asst. Atty. Gen., Civil Division Dept. of Justice, Washington, D.C., for defendants-appellants.

J. Stanley Stroud Mayer, Brown & Platt, Washington, D.C., David Vander Haagen, Foster, Swift, Collins & Coey, Richard B. Foster, Lansing, Mich., for plaintiff-appellee.

Before MERRITT and JONES, Circuit Judges, and JOHNSTONE,* District Judge.

MERRITT, Circuit Judge.

In this action in which declaratory relief was originally sought, United States District Judge Enslen of the Western District of Michigan concluded that section 4a of the Michigan Comminuted Meat Law, M.C.L.A. § 289.584a, M.S.A. § 12.964(4.1), violates the Commerce Clause of the United States Constitution, art. I, § 8, cl. 3. *American Meat Institute v. Ball*, 550 F.Supp. 285 (W.D.Mich.1982). The District Court also enjoined further enforcement of section 4a, which requires the posting of placards above meat products not conforming to Michigan's ingredient standards. On this appeal defendants raise the following issues: (1) whether the District Court had authority, without convening a three-judge court, to enjoin enforcement of the Michigan statute; (2) whether the District Court committed reversible error by not severing part of the Michigan statute; and (3) whether the injunction can be upheld on the ground not argued through cross appeal that the Michigan statute is preempted by the Federal Wholesale Meat Act, 21 U.S.C. §§ 601–678.

---

* The Honorable Edward H. Johnstone, Judge of the United States District Court for the Western District of Kentucky, sitting by designation.

Defendants primarily argue on this appeal that 28 U.S.C. § 2281, which prohibited a federal court from enjoining enforcement of a state statute without convening a three-judge court, applies to this case because the "savings clause" in the statute abolishing three-judge courts, Pub.L. 94–381, § 7, 90 Stat. 1120 (1976), provides that "[t]his Act shall not apply to any action commenced on or before the date of enactment [August 12, 1976]." Although the instant action commenced before August 12, 1976, *Costello v. Wainwright,* 430 U.S. 325, 97 S.Ct. 1191, 51 L.Ed.2d 372 (1977), clearly dictates that in a case filed prior to the repeal of Section 2281, a federal court need only convene a three-judge court if the original complaint prays for or necessitates injunctive relief. *See also Wyatt v. Ireland,* 515 F.Supp. 888 (M.D.Ala.1981). In the instant case, plaintiff originally sought only declaratory relief, and the District Court did not consider issuing an injunction until five years after section 2281 had been repealed and the declaratory action had been well under way. Accordingly, the District Court had the authority to issue an injunction. *See Mitchell v. Donovan,* 398 U.S. 427, 90 S.Ct. 1763, 26 L.Ed.2d 378 (1970).

Defendants raised their issue regarding severability for the first time in their motion for reconsideration, filed in the District Court after the injunction had been issued. By bringing this issue before the District Court in such an untimely fashion, defendants effectively waived their argument on severability and have no basis to assign failure to sever as an error on this appeal. Cf. *Roberts v. Berry,* 541 F.2d 607, 610 (6th Cir.1976); *Bannert v. American Can Co.,* 525 F.2d 104, 111 (6th Cir.1975), *cert. denied,* 426 U.S. 942, 96 S.Ct. 2662, 49 L.Ed.2d 394 (1976).

Having determined that the District Court properly issued the injunction, we need not reach the issue regarding preemption. For the reasons stated herein, we affirm the judgment of the District Court.