785 F.2d 310
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JAMES E. SEARCH, et al., Plaintiffs,
ROY B. CONSTABLE, Plaintiff-Appellant,
vs.
BERNARD T. CHUPKA, et al., Defendants-Appellees.
 85-3136
 United States Court of Appeals, Sixth Circuit.
 1/20/86
 
 Before: LIVELY, Chief Judge; CONTIE, Circuit Judge; and JOHNSTONE, Chief District Judge.*
 PER CURIAM.
 
 
 1
 Appellant Roy B. Constable appeals the district court's order granting summary judgment in favor of the defendants in this action brought under 28 U.S.C. Secs. 1981 and 1983. For the reasons that follow, we affirm the judgment of the district court.
 
 
 2
 On February 5, 1982, Constable and James E. Search filed this action seeking to be appointed as police officers with the Columbus, Ohio Police Department. They named the following Columbus officials as defendants: Bernard T. Chupka, Public Safety Director; Thomas Moody, Mayor; Earl Murry, Executive Secretary; Donald Barnes, Assistant to the Executive Secretary; Thelma Schoonover, Civil Service Commission; Clifford E. Cloud, Civil Service Commission; and Earl Burden, Chief of Police. Constable and Search, who are both white males, had taken and passed the eligibility examination for police officer but were never appointed to the police officer's training academy. Constable was certified as eligible for appointment on October 9, 1973, and Search was certified sometime after 1978.
 
 
 3
 Constable and Search raised two claims in their complaint. They claimed the defendants had engaged in racial discrimination, based on the appointment of allegedly less qualified black applicants. Constable and Search further claimed the defendants had acted in an arbitrary and capricious manner by failing to appoint them to the training academy.
 
 
 4
 On September 15, 1983, the defendants moved for summary judgment on the basis that the action was an impermissible collateral attack on two provious orders of the District Court for the Southern District of Ohio. In Haynie v. Chupka, certain black applicants who had been rejected by the Columbus Police Department claimed they had been discriminated against on the basis of race. Finding that the written tests given to police officer applicants had an adverse impact on blacks, the district court issued an order on July 6, 1978, implementing an affirmative action plan designed to remedy the effects of the past racial discrimination. No. C-2-73-401 (S.D. Oh. 1978). In Brant v. Chupka, several female plaintiffs claimed they had been discriminated against on the basis of gender. On May 12, 1980, the district court issued an order designed to remedy past gender discrimination by the Columbus Police Department. No. C-2-75-425 (S.D. Oh. 1980). In both cases, the district court retained jurisdiction to enable it to modify the established hiring goals upon a showing of good cause.
 
 
 5
 On February 15, 1984, Constable and Search filed their memorandum opposing the motion for summary judgment. They essentially raised two arguments which focused exclusively on the effect of the Haynie order. They argued that the defendants were not abiding by the provisions of the Haynie order and therefore contended that the order could not be raised as a defense. Constable and Search further argued that the affirmative action plan established in Haynie could be attacked because it 'unnecessarily trammeled' the interests of white applicants. The arguments were buttressed by reference to two black applicants who, although they scored below Constable and Search on the written eligibility examination, were accepted for police officer training in 1981. Constable and Search contended that the acceptance of those two applicants showed that the defendants were still engaged in racial discrimination by unlawfully favoring less qualified non-whites under the guise of compliance with the Haynie order.
 
 
 6
 On January 15, 1985, the district court granted the motion for summary judgment. The court determined that the action was an impermissible collateral attack on the validity of the Haynie order, citing Thaggard v. Jackson, 678 F.2d 66, 69 (5th Cir. 1982), cert. denied, 104 S. Ct. 255 (1983). The court recognized that Constable had been certified prior to the Haynie decision, but determined that any distinction between Constable and Search was irrelevant, stating:
 
 
 7
 The inclusion of Constable appears to be an attempt at camouflaging the real intent of this suit: to attack Judge Duncan's order in Haynie. In fact, plaintiffs' arguments and response to the defendants' motion for summary judgment attack the Haynie decision to the exclusion of all else. (emphasis added).
 
 
 8
 Since another branch of that district court had retained jurisdiction over the Haynie case, the court concluded that Constable and Search had to apply to intervene in the Haynie case and move for additional relief from the Haynie order in order to bring their claim.
 
 
 9
 Constable's sole argument on appeal is that his claim cannot be classified as a collateral attack on the Haynie order because the claim arose prior to the issuance of that order.[1] Constable now contends that the defendants acted in an arbitrary and capricious manner by failing to appoint him to the training academy between October 9, 1973, when he was certified as eligible, and July 6, 1978, when the Haynie order was issued. He further asserts that this claim is, and always was, independent of Search's claim and independent of the effects of the Haynie order. Constable requests this court to reverse the district court's judgment as it pertains to him and remand the action to allow him to litigate his claim of arbitrary and capricious treatment.
 
 
 10
 We reject Constable's request on two grounds. First, we find that Constable failed under Fed. R. Civ. Pro. 56(e) to properly raise his appellate argument in the district court. Rule 56(e) states in pertinent part:
 
 
 11
 When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of its pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him. (emphasis added).
 
 
 12
 This provision imposed an affirmative burden on Constable to articulate in his response to the defendants' motion for summary judgment the claims upon which he was relying.
 
 
 13
 Upon review of Constable's memorandum in opposition to the motion for summary judgment, it is apparent that Constable did not set forth any arguments or facts showing the existence of a genuine issue concerning whether the defendants had acted in an arbitrary and capricious manner prior to the issuance of the Haynie order. The memorandum instead focused exclusively on the actions taken subsequent to the Haynie order and on whether the order caused the defendants to discriminate against Constable and Search. This focus is illustrated by the closing statement of the memorandum in which Constable and Search 'submitted that the terms of the [Haynie order] would not pass constitutional muster to the detriment of white candidates denied appointment as a result of the City's attempts to comply therewith.' Also, in its order granting summary judgment, the district court expressly found that the 'plaintiffs' arguments . . . attack the Haynie decision to the exclusion of all else.' Accordingly, Constable's claim that the defendants' conduct prior to the issuance of the order was arbitrary and capricious rested solely 'upon the mere allegations . . . of his pleading,' which is prohibited by Rule 56(e). Since Constable failed under Rule 56(e) to properly show that existence of a genuine issue regarding the defendants' pre-Haynie conduct, he may not assert that claim on appeal.
 
 
 14
 Secondly, we reject Constable's argument based upon a general rule of appellate review. As we stated in Sigmon Fuel Co. v. Tennessee Valley Authority, 754 F.2d 162 (6th Cir. 1985), '[i]n the interests of judicial economy and the finality of judgments, and mindful of our role as an appellate court, we have declined to review arguments not presented to the district court in the first instance.' Id. at 164. See also, In re White Motor Corp., 731 F.2d 372, 375 (6th Cir. 1984); American Meat Institute v. Pridgeon, 724 F.2d 45, 46 (6th Cir. 1984). Following this principle, we decline to review Constable's appellate claim since, as noted above, it was not argued before the district court.
 
 
 15
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Edward H. Johnstone, Chief Judge, United States District Court for the Western District of Kentucky, sitting by designation
 
 
 [1]
 Constable does not challenge the district court's holding that the allegations of racial discrimination and arbitrary and capricious treatment with respect to the defendants' post-Haynie conduct constituted an impermissible collateral attack on the Haynie order. Therefore, we do not address the correctness of that holding